■ AMERICAN ASSOCIATES ENTERPRISES, INC., Appellant, v. BENJAMIN UNGERMAN et al., Respondents.— Appeal from an order of the Supreme Court at Special Term in Albany County which, among other things, required service of a further bill of particulars. The complaint alleges that "plaintiff performed work, labor and services, and furnished materials used in the construction of a dwelling house for defendants, for which said work, labor and services, and materials furnished defendants promised and agreed to pay the reasonable value thereof " and that " the reasonable value of said work, labor and services, and materials furnished, was the sum of $45,313.99." The particulars refused, and by the order appealed from directed to be furnished, are: "1. Each and every item used in the construction of the * * * house * * * together with the unit cost thereof, total cost thereof, place where purchased, from whom purchased, date purchased and whether paid for or not. 2. The names and addresses of each and every sub-contractor used on the job, whether or not the sub-contract was written or oral, the portion of the work covered by each sub-contract, the amount of each sub-contract, and whether or not each has been paid. Also copies of the sub-contracts, if written. 3. The names and addresses of each and every person employed in the construction of the said house, together with the dates each worked, number of hours worked on each date, total time of each employee on the job, the unit wage paid each, classification of each, total paid each for the work on the said house and whether or not each has been paid in full." The demands seem to us unreasonable and oppressive in the light of the complaint. Plaintiff is not bound to prove the *cost* of each item in order to show the "reasonable *value* of said work, labor and services, and materials furnished" and on a trial defendants might very well object to any such method of proof. It is conceivable that value might be proved by answers to two or three questions addressed to an expert or that the multitudinous items going into a $45,000 house could be grouped in a few major categories and valued accordingly. As to the requirements of paragraphs "1" and "3", the order should be modified to require that plaintiff state the value of each separate item as to which it intends to offer proof. Paragraph "2" should be deleted. Order modified, on the law and facts, in accordance with this memorandum and, as so modified, affirmed, with $10 costs to appellant. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.